# SUPREME COURT.

## PETER ARNDT agt. ROBERT L. WILLIAMS, WARREN TANNER and others.

Common law *rights* of action as they existed at common law, and equitable *rights* as they existed in equity, the legislature did not intend to change by the passage of the Code. But they intended to blend the processes and forms for the enforcement of those rights into a single suit, so that the courts might administer complete justice to the parties in one action, as far as possible.

It is therefore no longer necessary or admissible, to restrain by injunction in one suit, the proceedings in another action pending in the same or another court.

Thus, where a party brought his action in the second district, for the delivery and possession of two canal boats, which he obtained on giving the requisite security under the statute, and pending this action, the party from whom possession was obtained brought an action in the seventh district, claiming the rights of an equitable mortgagee, and a right to redeem said boats and pay off whatever amount was due the party who had obtained possession, also an *injunction* restraining the party in possession from using or disposing of said boats pending the litigation,

*Held*, on a motion by the plaintiff in the last suit, for the appointment of a receiver, and a motion by the defendant at the same time for a dissolution of the injunction, that to allow the appointment of a receiver, and divest the defendant of the possession he had acquired, and thus draw to the seventh district the litigation between the parties, was entirely inadmissible. The plaintiff might, if he was not obliged to do so, interpose the matters set up in his complaint as an equitable defence to the replevin suit, and thereby obtain such equitable relief as he might be entitled to. The motion for appointment of a receiver denied, and the motion for a dissolution of the injunction granted.

*Monroe Special Term, May,* 1858.

MOTION by defendants to dissolve injunction, and by plaintiffs to appoint receiver.

The complaint shows that the defendant Newell Chamberlain has acquired the legal title to two canal boats, to which the plaintiff has the rights of an equitable mortgagee; that the plaintiff being in possession, the said defendant Chamberlain commenced an action in this court, claiming a delivery of said boats, in which action the property was taken by the sheriff

of Kings county, and possession thereof delivered to the said defendant, who has now the same in possession, the said action being still pending and undetermined. The plaintiff claims the right to redeem said boats, and pay off whatever amount is due to the said defendant, as the assignee of the other defendants, for their claim therein—the amount of such debt or claim being in dispute. On the commencement of this suit the plaintiff obtained an injunction restraining the defendants from using, selling or disposing of said boats, and also from further prosecuting the aforesaid action of replevin, and the boats have since remained laid up in one of the docks in Brooklyn, in the possession of the defendant Chamberlain.

The plaintiff now moves for the appointment of a receiver of said boats, and the defendants move for the dissolution of the injunction.

T. HASTINGS, *for plaintiff*.
W. S. BISHOP, *for defendants*.

E. DARWIN SMITH, Justice. By conferring legal and equitable jurisdiction upon the same court, by abolishing the distinction between legal and equitable remedies, by allowing a defendant in an action for the enforcement of a strict legal right to interpose an equitable defence in the shape, and by the name of a counter claim, and by authorizing the court in such cases to give affirmative equitable relief to a defendant, the legislature evidently designed to require that all matters in controversy relating to the same subject matter in litigation should be settled and disposed of in one action.

Such is the obvious policy and general rule of the Code, *which it is the plain duty of the courts faithfully to carry out.* 1) *Selden*, 363 ; *opinion of* FOOT, J., *Dobson* agt. *Pearce*, 2 *Kernan*, 165; *Van Santvoord's Pleading*, 2d ed. 505.)

In abolishing the distinction between legal and equitable remedies, the legislature did not intend to change or affect legal and equitable *rights*, except in respect to the mode of their enforcement. They left common law rights of action as they

existed at common law, and equitable rights as they existed in equity. But they intended to blend the processes and forms for the enforcement of those rights into a single suit, so that the courts might administer complete justice to the parties in one action, so far as possible, whether their respective rights are in whole or in part legal or equitable. It is therefore no longer necessary or admissible to restrain by injunction in one suit the proceedings in another action pending in the same or another court. (*Foot* agt. *Sprague*, 12 *How.* 356; 4 *do.* 350; *Hunt* agt. *Farmers' Loan Co.*, 8 *do.* 416.)

The defendant Chamberlain, who clearly has the legal title to these boats, has commenced his action of replevin for them in Kings county—has obtained possession thereof on giving bail for their return according to the statute, and for the payment of any sum which the plaintiff may for any cause recover against him. The boats are therefore in the custody of the law, the possession thereof pending the litigation being entrusted to the said defendant. To appoint a receiver of such boats in the plaintiff's action commenced in this (*Monroe county,*) and thus divest the defendant of the possession thus acquired, and draw to this district and to this county the litigation between these parties, seems to me entirely inadmissible. The plaintiff might, if he was not obliged to do so, interpose the matters set up in his complaint as an equitable defence in the replevin suit, and therein ask, and thereby obtain, such equitable relief as he may be entitled to. It is true that the equitable power and jurisdiction of this court is the paramount power, and the court, in the exercise of its equitable jurisdiction, may and does control and modify legal rights. But this court is a unit, and all its judges exercise equal powers, and any one can, when properly applied to, give equitable relief to parties. The judges of the second judicial district administer law and equity upon precisely the same principles, and in the modes of proceeding, as the judges of the seventh, and are abundantly qualified to protect and enforce the equitable rights of the plaintiff in the suit there pending.

The application of the plaintiff for the appointment of a re-

ceiver should be denied, and the application of the defendant for the dissolution of the injunction should be granted, with $10 costs, to abide the event.